IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America ) | CR/A No. 4:19-cr-00284-DCC |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Andre Demetrius Haynes. ) | |
| ) | |
| _____ ) | |

This matter came before the Court for a competency hearing pursuant to 18 U.S.C. §§ 4241 and 4247. Upon consideration of the forensic evaluation report dated January 6, 2021, of Lisa Feldman, Psy.D., forensic psychologist, Federal Detention Center, Miami, Florida, and her testimony at the hearing on March 25, 2021, this Court **FINDS** as follows by a preponderance of the evidence:

1. Pursuant to 18 U.S.C. § 4241(d), the Defendant is presently suffering from a mental disease which interferes with his ability to understand the proceedings against him and assist counsel in his own defense. Consequently, the Court finds that the Defendant is incompetent to stand trial and should therefore be committed to the custody of the Attorney General for a period not to exceed four (4) months, to determine whether there is a substantial probability that the Defendant will in the foreseeable future become competent to stand trial.

2. The Defendant should be examined and treated at a suitable facility as defined at 18 U.S.C. § 4247(a)(2).

3. Pursuant to 18 U.S.C. § 316l(h)(l)(A), such time as is taken up by the examination and treatment may properly be deemed excludable time under the Speedy Trial Act.

It is therefore **ORDERED**:

1. That the Defendant, Andre Demetrius Haynes, be committed to the custody of the Attorney General with said commitment not to exceed **four (4) months** without further order of this Court;

2. That such commitment be for the purpose of determining whether or not there is a substantial probability that in the foreseeable future the Defendant will attain the capacity to permit the trial to proceed;

3. That the Defendant's examination and treatment be commenced on an expedited basis and that as soon as practicable, but not later than **sixty (60) days** from the commencement of the four-month time period, a licensed or certified psychiatrist or psychologist prepare a forensic addendum to the January 6, 2021 forensic evaluation report setting forth the Defendant's progress, or lack thereof, in treatment. In the event that the Defendant resists or ceases to comply with medication, the forensic addendum shall include the factors addressed in *Sell* v. *United States*, 539 U.S. 166 (2003), including:

    a. Whether Mr. Haynes is currently a danger to himself or others, if he refuses to take anti-psychotic medication;

    b. Whether Mr. Haynes would be a danger to himself or others if he refuses to take anti-psychotic medication, and if he is released from custody;

    c. Whether the involuntary administration of anti-psychotic medication is substantially likely to render Mr. Haynes competent to stand trial;

    d. Whether such administration is substantially likely to have side effects that will interfere significantly with Mr. Haynes' ability to assist counsel in conducting a trial defense;

    e. Whether alternative, less intrusive treatments are likely or unlikely to achieve substantially similar results;

    f. Whether the administration of the medication is medically appropriate, i.e., in Mr. Haynes' best interests in light of his medical condition; and

    g. A detailed description of the particular course of treatment proposed including:

- The reasons for choosing the particular course of treatment;
- The estimated time the proposed treatment plan will take to restore Mr. Haynes' competence;
- The criteria to be applied in deciding when to discontinue treatment;
- The particular medication(s), including name(s) and dose range(s), to be administered to Mr. Haynes to restore his competence;
- The treatment plan's probable benefits and side effect risks for Mr. Haynes' particular medical condition;
- How the treatment plan will deal with probable side effects; and
- The reasons that the benefits of the treatment plan outweigh the costs of its side effects.

4. That the Defendant may not be given any medication against his will for the purpose of restoring his competence to understand the nature of the proceedings

against him or to assist his counsel until further order of this Court, which shall issue only after notice to all parties with an opportunity to be heard;

5. That the Court shall be notified if an MRI or other diagnostic test becomes medically necessary to evaluate any of the above-referenced factors;

6. That the forensic addendum requested herein be filed with this Court and copies be provided to Kathy J. Elmore, Counsel for the Defendant, and Assistant United States Attorney Justin W. Holloway;

7. That the time for said psychiatric examination and treatment be excluded time in computing the time within which further proceedings shall commence in connection with this action, in accordance with 18 U.S.C. § 316l(h)(l)(A);

8. That the Defendant, if restored to competence, remain at his current Bureau of Prisons facility until further Order of this Court. The Defendant shall not be transported to any other location without prior authorization of this Court; and

9. That the record of the competency hearing on March 25, 2021, shall be, and hereby is, SEALED.

**AND IT IS SO ORDERED.**

                                                        s/ Donald C. Coggins, Jr.
                                                       United States District Judge

March 29, 2021
Spartanburg, South Carolina