IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America ) | CR/A No. 4:19-cr-00284-DCC |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Andre Demetrius Haynes ) | |
| ) | |
| _____ ) | |

This matter comes before the Court on the Government's Motion to Dismiss the Indictment pending against Defendant Andre Demetrius Haynes without prejudice. ECF No. 101. For the reasons set forth below, the Motion is granted.

## **BACKGROUND**

On March 26, 2019, Mr. Haynes was charged pursuant to a three-count indictment for violations of federal law pertaining to the illegal possession of a firearm and ammunition, possession with intent to distribute certain controlled substances, and use or carry of a firearm during and in relation to a drug trafficking crime. ECF No. 4 at 1–2. On May 29, 2019, Mr. Haynes filed a Motion for a Psychiatric Exam, and the Court granted the Motion, ordering his commitment to the custody of the Attorney General for a psychiatric examination pursuant to 18 U.S.C. §§ 4241(b) and 4242(a). ECF Nos. 25, 26. The resulting psychiatric report from FDC Miami recommended that Mr. Haynes be found competent to stand trial, opining that he did not suffer from a mental disease or defect that would have impaired his ability to understand the nature and quality or the wrongfulness of his actions. ECF No. 39 at 6.

On August 6, 2020, Mr. Haynes filed a second Motion for a Psychiatric Exam, which this Court granted and ordered him to be committed to the custody of the Attorney General for an examination regarding his competence to stand trial pursuant to 18 U.S.C. §§ 4241(b) and 4242(a).[1]  ECF Nos. 84, 85.  Following this second evaluation period, the psychiatric report from FDC Miami recommended that Mr. Haynes be found incompetent to stand trial because he suffers from a severe mental disorder which interferes with his rational understanding of the legal process and his ability to assist in his defense.  ECF No. 88 at 1.

On March 25, 2021, this Court held a competency hearing during which Mr. Haynes was found to be incompetent to stand trial and was committed to the custody of the Attorney General for a period not to exceed four months to determine whether there is a substantial probability that he would in the foreseeable future become competent to stand trial.  ECF Nos. 90, 92.  The forensic evaluation report from FMC Butner found that Mr. Haynes is currently suffering from a mental disease or defect, namely schizophrenia, which renders him incompetent to stand trial.  ECF No. 99 at 10.  The Report indicated that a substantial probability exists that Mr. Haynes's competence could be restored with appropriate treatment, but he has refused to accept recommended medication on a voluntary basis.  *Id.*  The Report further explained that Mr. Haynes "has been free from aggressive or self-destructive behavior since his arrival at FMC Butner . . . [and] has not

---

[1] In Mr. Haynes's second Motion for a Psychiatric Exam, he indicated that he obtained relevant medical and psychiatric records which were not available prior to the issuance of the first forensic evaluation report.  ECF No. 84 at 2.

2

engaged in behavior that would pose a high risk of danger to himself or others." *Id.* at 11. As a result, the Report opined that Mr. Haynes does not meet the criteria for involuntary medication under *Washington v. Harper*, 494 U.S. 210 (1990).[2]  Moreover, the Report indicated that Mr. Haynes does not meet the criteria for civil commitment pursuant to 18 U.S.C. § 4246.[3]

## **DISCUSSION**

This Court held a competency hearing on November 10, 2021.  The Court received testimony from the evaluating psychologist at FMC Butner, and the forensic evaluation report was sealed and admitted into the record.  ECF No. 100.  The evaluating psychologist testified as to her observations and opinions outlined in the forensic evaluation report, reiterating that Mr. Haynes does not qualify for involuntary medication under *Harper* and does not meet the criteria for civil commitment under 18 U.S.C. § 4246. During the hearing, the Government advised that it would not seek an order from the

---

[2] In *Harper*, the United States Supreme Court held that "given the requirements of the prison environment, the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." 494 U.S. at 227.

[3] 18 U.S.C. § 4246 provides in relevant part:

> If the director of a facility in which a person is hospitalized certifies that a person . . . who has been committed to the custody of the Attorney General pursuant to section 4241(d) . . . is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined.

Court for involuntary medication under *Sell v. United States*, 539 U.S. 166 (2003).[4] Nevertheless, the Court indicated that even if it evaluated the *Sell* factors under the facts and circumstances of this case, it would find that there is no important governmental interest in continuing the prosecution at this point such that an order for involuntary medication is warranted. The Court further stated that it was unclear whether the administration of involuntary medication would in fact restore Mr. Haynes's competence to stand trial because the staff at FMC Butner was not able to administer the medication to him and observe its effects.

Because Mr. Haynes has been in continuous custody for the purpose of forensic evaluations performed by the Bureau of Prisons since May 30, 2019, the two most recent forensic evaluation reports opined that Mr. Haynes is incompetent to stand trial, and the Court found him to be incompetent during the November 10, 2021 hearing, the Government has now moved to dismiss the charges pending against Mr. Haynes without prejudice.

After careful consideration of the relevant case law, the facts and circumstances of this case, the forensic evaluation report from FMC Butner, and the testimony presented at the competency hearing, the Court agrees that dismissal is appropriate.

---

[4] The United States Supreme Court in *Sell* outlined the following factors that a court must consider in determining whether to order the involuntary administration of drugs for trial competence purposes: (1) important government interests are at stake; (2) involuntary medication will significantly further concomitant state interests; (3) involuntary medication is necessary to further those interests; and (4) administration of the drugs is medically appropriate. 539 U.S. at 180–81.

## **CONCLUSION**

For the reasons set forth above, the Government's Motion to Dismiss the Indictment against Defendant Andre Demetrius Haynes [101] is **GRANTED WITHOUT PREJUDICE**.

 IT IS SO ORDERED.

                s/ Donald C. Coggins, Jr.
                United States District Judge

November 17, 2021
Spartanburg, South Carolina

5